NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
JACOB JOHN LUSSIER,         :
                            :     Civ. No. 20-5508 (RMB)
        Petitioner          :
                            :
    v.                      :     **OPINION**
                            :
WARDEN SMITH,               :
                            :
        Respondent          :
_____ :

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., Dkt. No. 1) and application to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") (IFP App., Dkt. No. 4) Petitioner's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1], the judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

---

[1] Rule 4 is applicable to habeas petitions under 28 U.S.C. § 2241 under Rule 1, scope of the rules. § 2254, Rule 1.

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4.

I.   BACKGROUND

Petitioner, a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey, is challenging the sentence imposed upon his conviction for second degree murder in the United States District Court, District of Minnesota, Criminal Action No. 06-366(MJD/RLE).[2] United States v. Lussier, 06-366(MJD/RLE) (D. Minn. July 25, 2007) (Dkt. No. 44.) Petitioner pled guilty and was sentenced to a 292-month term of imprisonment. (Id.)

On July 13, 2012, Petitioner filed a pro se motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in the District of Minnesota. Id. (Dkt. No. 46.) Petitioner argued that he was improperly sentenced as a career offender because his auto theft conviction was not a crime of violence. Id. (Dkt. No. 56 at 3.) The Court denied the motion because it was untimely and without merit. Id.

Petitioner filed a second motion to vacate his sentence under § 2255 in the District of Minnesota on June 24, 2016. Id. (Dkt. No. 60.) The motion was stayed pending resolution of the Supreme Court decision in Beckles v. United States, 137 S. Ct. 886 (2017).

---

[2]   Available at www.pacer.gov.

Id. (Dkt. No. 65.) Petitioner had also filed an application in the Eighth Circuit Court of Appeals for permission to file his successive § 2255 motion in the sentencing court, and after the Eighth Circuit denied the motion, the sentencing court dismissed Petitioner's June 24, 2016 successive § 2255 motion. United States v. Lussier, Criminal Action No. 06-366(MJD/RLE) (D. Minn. July 25, 2007) (Dkt. No. 71).

II.   DISCUSSION

   A.   The Petition

Petitioner alleges that his uncounseled DWI conviction was improperly used to qualify him as a career offender under the United States Sentencing Guidelines and subject him to a sentence enhancement, and that his attorney failed to raise this issue at sentencing. (Pet., ¶13, Dkt. No. 1.)

   B.   Analysis

      1.   The § 2255(e) Saving Clause

Understanding the interplay between 28 U.S.C. § 2241 and 28 U.S.C. § 2255 begins with the enactment of § 2255 in 1948. Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or

sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Bruce, 868 F.3d at 178 (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise a claim on collateral review that the federal criminal statute he was convicted for violating has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." Id. (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

To proceed under § 2241, two conditions must be met:  (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third

4

Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" <u>Cordaro v. United States</u>, --- F.3d---, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting <u>In re Dorsainvil</u>, 119 F.3d at 252.)

      2.   <u>Whether Petitioner's Claims Fall Within the Saving Clause of § 2255(e)</u>

Petitioner argues that his sentencing court erred in using his uncounseled DWI conviction to apply the career offender guidelines to his sentence. Petitioner, however, does assert jurisdiction under § 2241 based on an intervening Supreme Court decision made retroactive on collateral review. Instead, he asserts his counsel was ineffective for raising this claim at sentencing. Petitioner could have raised this claim in his first motion under § 2255, rendering the saving clause inapplicable here. Moreover, the Third Circuit Court of Appeals has not determined that it is appropriate to bring a claim under § 2241 that one is "innocent" of career offender status. <u>United States v. Rutherford</u>, 757 F. App'x 83, 85 (3d Cir. 2018) (per curiam). Because Petitioner could have raised this claim in his first motion under 28 U.S.C. § 2255 and does not satisfy the requirements of 28 U.S.C. § 2255(h), the Court finds it is not in the interest of justice to

5

transfer this petition, pursuant 28 U.S.C. § 1631, to the Eighth Circuit Court of Appeals for consideration as a second or successive § 2255 motion. See Hatches v. Schultz, 381 F. App'x 134, 137 (3d Cir. 2010) ("[i]n deciding that it would not be in the interest of justice to transfer the petition … the District Court properly considered whether [the petitioner] had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255(h).")

III. CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Petitioner's petition for writ of habeas corpus under § 2241.

An appropriate Order follows.

**Date: July 31, 2020**

s/Renée Marie Bumb
**RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE**